IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, Successor in Interest by Merger to Gulf Insurance Company, a Connecticut corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RICK ARMSTRONG ENGINEERING & BUILDING CONTRACTOR, INC., a California corporation; and RICHARD ARMSTRONG, an individual,<br><br>            Defendants.<br>_____/ | No.  CIV.S-06-1076 DFL DAD<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on October 13, 2006, for hearing on plaintiff's motion for default judgment.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion be granted.

/////

/////

1

**PROCEDURAL BACKGROUND**

Plaintiff Travelers Indemnity Company initiated this action for express indemnity, breach of contract and reimbursement by filing its complaint on May 17, 2006. Plaintiff's complaint arises out of its losses stemming from a payment and performance bond naming defendant Rick Armstrong Engineering & Building Contractor, Inc. as the principal. Despite being served with process, defendants Rick Armstrong Engineering & Building Contractor, Inc. and Richard Armstrong have failed to appear in this action. Pursuant to plaintiff's request, the Clerk of the Court entered default against defendants on July 12, 12006. Plaintiff filed the instant motion, noticing it to be heard before the undersigned pursuant to Local Rule 72-302(c)(19). James G. Stanley appeared at the hearing on the motion on behalf of plaintiff. There was no appearance on behalf of defendants, although they were not served with the motion.[1]

---

[1] Service of the motion is not required. See Fed. R. Civ. P. 55(b)(2) (requiring written notice of application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 5-135(d)(excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"). Nor has there been any suggestion of any informal contacts necessitating service of the motion. See Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977)("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action. The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."). In addition, at the hearing on this motion the court was advised by counsel for plaintiff that in the underlying state court action, Mr. Armstrong represented himself, was aware that this action seeking reimbursement from him would be filed and expressed his intention not to respond to the complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the

3

>     strong policy underlying the Federal Rules of
>     Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

According to the complaint, defendants are in the construction business and entered into a public works construction contract with the City of Stockton for a project known as the "Charter Way Beautification Project, Phase 2." Plaintiff, through its predecessor Gulf Insurance Company ("Gulf"), issued a statutory performance and payment bond for that contract naming Rick Armstrong Engineering & Building Contractor, Inc. as principal, Gulf as surety, and the City of Stockton and subcontractors, laborers, material men and suppliers as obligees. A copy of the bond is attached to the complaint. In consideration of plaintiff's execution of the bond, defendants executed a General Indemnity Agreement ("GIA") dated March 12, 2001. A copy of the GIA is also attached to the complaint.

In October 2003, plaintiff received a payment bond claim from Odyssey Landscaping Company, Inc. ("Odyssey") on the bond issued by Gulf on the project. Odyssey, a subcontractor on the Stockton project, subsequently filed a complaint against Gulf and others in San Joaquin County Superior Court. Plaintiff defended itself and litigated the claim which ultimately settled. Plaintiff demanded reimbursement from defendants under the terms of the GIA and defendants refused. This action resulted.

/////

4

1          Weighing the factors outlined in <u>Eitel v. McCool</u>, 782 F.2d
2  at 1471-72, the undersigned has determined that default judgment
3  against defendants is appropriate.  Defendants have made no showing
4  that their failure to respond to the complaint is due to excusable
5  neglect.   There is no reason to doubt the merits of plaintiff's
6  substantive claim, nor is there any apparent possibility of a dispute
7  concerning the material facts underlying the action.  Plaintiff seeks
8  a relatively small amount of damages as provided in the contract.
9  Plaintiff's complaint is also sufficient.  Because each of these
10 factors weigh in plaintiff's favor, the undersigned, while
11 recognizing the public policy favoring decisions on the merits, will
12 recommend that default judgment be granted.
13          After determining that entry of default judgment is
14 warranted, this court must next determine the terms of the judgment.
15 The allegations of the complaint, the bond itself, the GIA and the
16 declarations on file demonstrate that Gulf paid Odyssey $86,000
17 pursuant to the settlement agreement reached in the state court
18 action.  They also show that Gulf recovered the contract balance of
19 $30,407.06 from the City of Stockton.  Moreover, Gulf paid $2,276.18
20 to a business known as California Pacific Curb on its payment bond
21 claim, which was not the subject of litigation.  Finally, plaintiff
22 has shown "loss adjusting expenses" related to the handling of the
23 bond claim and the litigation initiated by Odyssey in the amount of
24 $17,022.  Therefore, plaintiff is entitled to recover its total loss
25 of $74,891.12 (i.e., $86,000 - $30,407.06 + $2,276.18 + $17,022 =
26 /////

1  $74,891.12).  The undersigned will recommend that the district court
2  grant default judgment as requested.
3        Finally, plaintiff's moving papers establish attorney fees
4  incurred in this action in the amount of $3,000.  Plaintiff's claimed
5  fees are reasonable and plaintiff has demonstrated that it is
6  entitled to such fees in the first instance per the terms of the GIA
7  attached to the complaint.  Therefore, the undersigned will further
8  recommend that plaintiff's request for attorney fees be granted.

### CONCLUSION

10        Accordingly, IT IS HEREBY RECOMMENDED that:
11        1.  Plaintiff's motion for default judgment be granted; and
12        2.  The district court enter the default judgment of
13  defendants in favor of plaintiff in the amount of $77,891.12
14  ($74,891.12 + $3,000).
15        These findings and recommendations are submitted to the
16  United States District Judge assigned to the case pursuant to the
17  provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being
18  served with these findings and recommendations, any party may file
19  written objections with the court and serve a copy on all parties.
20  Such a document should be captioned "Objections to Findings and
21  Recommendations."  The parties are advised that failure to file
22  objections within the specified time may waive the right to appeal
23  /////
24  /////
25  /////
26  /////

1  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: October 13, 2006.

```
                    _____
                    DALE A. DROZD
                    UNITED STATES MAGISTRATE JUDGE
```

DAD:th
Ddad1\orders.civil\travelers1076 .default.judg