IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, Successor in Interest by Merger to Gulf Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RICK ARMSTRONG ENGINEERING & BUILDING CONTRACTOR, INC., a California corporation; and RICHARD ARMSTRONG, an individual<br><br>Defendants. | No. 2:06-cv-01076-JKS-DAD<br><br>DECISION AND ORDER<br>[Motion at Docket No. 19] |

At Docket 19, defendants Rick Armstrong Engineering & Building Contractor, Inc., a California corporation, and Richard Armstrong, an individual, have moved to set aside the default and default judgment entered herein. Defendants bring their motion under California Code of Civil Procedure § 473(b). Although Defendants have cited inapplicable procedural authority, the Court will treat the motion as having been brought under Federal Rules of Civil Procedure 55(c) and 60(b)(1), the federal counterpart to the California Code of Civil Procedure, and the appropriate procedure pursuant to which the motion may be brought.

California Code of Civil Procedure 473(b) provides (as relied upon by Defendants):

> (b) The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.

A district court may set aside a default judgment "in accordance with" Federal Rule of Civil Procedure 60(b).  Fed. R. Civ. P. 55(c).  Rule 60(b) provides, in part, "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;. . . ."  Thus, the California statute and the Federal Rules of Civil Procedure are nearly identical in terms and the conditions imposed as a prerequisite for granting relief from a default or default judgment.

On June 29, 2006, the Summonses issued in this case were returned executed, showing service on the Defendants on May 31, 2006.[1]  Upon application of Plaintiff, the Clerk of the Court entered default on July 12, 2006.[2]  Thereafter, a hearing was held before the magistrate judge on the application for entry of default judgment.[3]  The magistrate judge entered his Findings and Recommendations,[4] which the Court adopted and judgment was entered in favor of Plaintiff on September 28, 2007.[5]  Defendants timely filed the motion at bar on March 27, 2008.

Defendants claim that, although the summonses were returned denoting constructive service, they never actually received service of the summons and complaint.[6]  "A signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence."  *Securities Exchange Comm'n v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks and citations omitted).  The evidence Defendants offer to offset the *prima facie* effect of the returned summons is in the form of the sworn declarations of Defendant Richard Armstrong and the office manager of the corporate defendant.  Both disclaim ever having received or seen a copy of the summons and complaint.  Armstrong denies ever having an employee matching the description of the unnamed person who the returns indicate the summons and complaint were left.  The office manager states

---

[1] Docket Nos. 6 and 7.

[2] Docket No. 10.

[3] Docket No. 12.

[4] Docket No. 13.

[5] Docket No. 16.

[6] Defendants do not contend that constructive service was improper.

that she was working on the day the return shows the summons and complaint were served, and that she did not receive them.  She did remember, however, that an unidentified woman came by, asked some questions about Armstrong, but left without identifying herself or leaving any documents.[7]  Whether this evidence, which leaves unanswered as many questions as it answers, is sufficiently strong and convincing to overcome the *prima facie* effect of the returns is questionable.

However, "[w]here timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits."  *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (alteration in the original) (internal quotation marks and citations omitted).  In this circuit, a motion to set aside the default and default judgment may be denied if: "(1) the plaintiff would be prejudiced if the judgment is set aside; (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default."  *Hammer v. Drago* (*In re Hammer*), 940 F.2d 524, 525–26 (9th Cir. 1991).  This tripartite test is disjunctive.  *Id*.  Thus, the court may deny the motion if any one of the three factors exists.  *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).  The requirement to show a meritorious defense for relief under the federal rules serves essentially the same purpose as the requirement of accompaniment by an answer or other pleading under the California statute, *i.e.*, to show that the court would not be engaging in an exercise in futility in granting the motion.  Thus, failure of Defendants in this case to make any showing of the existence of a meritorious defense and the existence of a meritorious defense not otherwise appearing, is a sufficient basis for denying the motion.  *Id*., at 1109.

Defendants' motion relies exclusively on mistake, inadvertence or excusable neglect.  They have not argued that the return of service was fraudulent; however, even if they did, it would still be necessary for Defendants to show the existence of a meritorious defense.  *See TCI*

---

[7] Both the woman described in the returns and the woman referred to in the office manager's declaration are unidentified.

*Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (when a defendant presents no meritorious defense, nothing but pointless delay can result from reopening the judgment).

      For the foregoing reasons, the Motion to Set Aside Default Judgment at Docket No. 19 is DENIED.

      Dated:  April 9, 2008

                                              s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge